# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIANGELY PAGÁN RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>MBTI BUSINESS TRAINING INSTITUTE AND/OR MBTI; MBTI OF PUERTO RICO, INC.; MBTI TECH COLLEGE, INC.; MBTI TECH, INC.; ANGEL NEGRÓN, HIS WIFE SOE DOE, AND THEIR CONJUGAL LEGAL PARTNERSHIP; ACE INSURANCE COMPANY, INC.<br><br>Defendants. | CIVIL NO.: 15-2168 (MEL) |

## OPINION AND ORDER

Mariangely Pagán Ramirez ("Plaintiff") filed an amended complaint against MBTI Business Training Institute and/or MBTI; MBTI of Puerto Rico, Inc.; MBTI Tech College, Inc.; MBTI Tech, Inc.; Angel Negrón, his wife Soe Doe, and their conjugal legal partnership; and ACE Insurance Company, Inc.[1] ("Defendants") on June 20, 2016. ECF No. 43. Plaintiff alleged violations of her employment rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and pendent claims raised pursuant to Sections 1 and 8 of Article II of the Constitution of the Commonwealth of Puerto Rico; Law No. 17 of April 22, 1988 ("Act 17"), 29 L.P.R.A. § 155 et seq.; Law. No. 100 of June 30, 1959, as amended ("Act 100"), 29 L.P.R.A. § 146 et seq.; Law No. 69 of July 6, 1985 ("Act 69"), 29 L.P.R.A. § 1321 et seq.; Act No. 115 of December 20, 1991 ("Act 115"), 29 L.P.R.A. § 194; and Articles 1802 and 1803 of the

---

[1] ACE Insurance Company, Inc. is now called Chubb Insurance Company of Puerto Rico. Because the company refers to itself as ACE Insurance Company, Inc. in its motion for partial summary judgment, the court will also refer to it as ACE Insurance Company, Inc.

Civil Code of the Commonwealth of Puerto Rico ("Puerto Rico Tort Statute"), 31 L.P.R.A. §§ 5141-42. Id. at 1–2. Pending before the court is ACE Insurance Company, Inc.'s motion for partial summary judgment as to ACE Insurance Company, Inc. in its capacity as insurer of MBTI Tech College, Inc. and MBTI Tech, Inc. ECF No. 86. ACE Insurance Company, Inc. argues in its motion for partial summary judgment that MBTI Tech College, Inc. and MBTI Tech, Inc. are not insured under the policy issued to MBTI of Puerto Rico, Inc. by ACE Insurance Company, Inc. In her response in opposition, Plaintiff, who is not the insured, nor claims to be, denies the arguments made within ACE Insurance Company, Inc.'s motion for partial summary judgment. ECF No. 88. ACE Insurance Company, Inc. filed a reply to Plaintiff's opposition. ECF No. 92. Plaintiff filed a surreply to ACE Insurance Company, Inc.'s reply. ECF No. 95. As of today, neither MBTI Tech College, Inc. nor MBTI Tech, Inc. have filed a response in opposition to the motion for partial summary judgment.

**I.  STANDARD OF REVIEW**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of

at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Id. at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II.    UNCONTESTED MATERIAL FACTS[2]

ACE Insurance Company, Inc. issued the Management Protection Insurance Policy number DO2859 for the period covering November 30, 2012 to November 30, 2013, with a limit of $1,000,000 per claim and a $25,000 retention in the aggregate, subject to its terms, clauses, conditions, and exclusions. ECF Nos. 87, at 1, ¶ 1; 88-1, at 2, ¶ 1.[3]

The Employment Liability Practices Coverage provides that "the Insurer shall pay on behalf of the Insureds Loss which the Insureds become legally obligated to pay by reason of any Claim first made against the Insureds during the policy Period for any Wrongful Acts taking place prior to the end of the Policy Period, if such Claim is brought and maintained by or on behalf of

---

[2] Local Rule of Civil Procedure 56 provides that a party replying to the opposition to a motion for summary judgment shall submit with its reply a separate, short, and concise statement of material facts, which shall be limited to any additional facts submitted by the opposing party. The reply statement shall admit, deny or qualify those additional facts. Here, ACE Insurance Company, Inc. replied to Plaintiff's opposition to its motion for partial summary judgment. However, ACE Insurance Company, Inc. did not admit, deny, or qualify the additional facts submitted by Plaintiff. In accordance with Local Rule of Civil Procedure 56, Plaintiff's additional facts will be deemed admitted.
[3] Plaintiff has denied the second half of ACE Insurance Company, Inc.'s factual paragraph 1. ECF No. 87, at 1, ¶ 1. However, Plaintiff does not support this denial by a record citation as required by the local rules. L.Cv.R. 56(c). Thus, these facts will be deemed admitted, to the extent that they are supported by the record cited to.

3

any past, present or prospective full-time, part-time, temporary or leased employee(s) of the Company." ECF Nos. 87, at 2, ¶ 2; 88-1, at 2, ¶ 2.

Under the terms of the policy, Insureds mean the Insured Persons and the Company (ECF Nos. 87, at 2, ¶ 3; 88-1, at 2, ¶ 3); with respect to any Coverage Part, Insureds mean all organizations, plans, and natural persons defined as Insured in thereunder (ECF Nos. 87, at 2, ¶ 4; 88-1, at 2, ¶ 4); Company is defined as the Parent Company and the Subsidiaries (ECF Nos. 87, at 2, ¶ 6; 88-1, at 2, ¶ 6); the Parent Company is the organization named in Item 1 of the Declarations, in this case, MBTI of Puerto Rico, Inc. (ECF Nos. 87, at 3, ¶ 7; 88-1, at 2, ¶ 7); and subsidiary means 1) any company in which more than 50% of the outstanding voting securities representing the present right to vote for election of directors is owned, directly or indirectly, in any combination, by one or more Companies and 2) any foundation or charitable trust controlled by one or more Companies. ECF No. 87-1, at 4.[4]

Under the Employment Practices Liability Coverage, Insured Persons mean "any one or more persons who were, now are or shall become duly elected or appointed directors, trustees or officers of, or full-time, part time, seasonal, temporary, committee members, leases volunteers Employee in his or her capacity who are indemnified as if they were employees of the Company or with respect to a Company incorporated outside of the United S[t]ates, their functional equivalent." ECF Nos. 87, at 2, ¶ 5; 88-1, at 2, ¶ 5.

---

[4] Plaintiff objected to ACE Insurance Company, Inc.'s factual paragraph 8, which states that subsidiary means any company in which more than 50% of the outstanding voting securities representing the present right to vote for election of directors is owned, directly or indirectly, in any combination, by MBTI of Puerto Rico, Inc. ECF No. 87, at 3, ¶ 8. Plaintiff contends that subsidiary means any company in which more than 50% of the outstanding voting securities representing the present right to vote for election of directors is owned, directly or indirectly, in any combination, by one or more companies, any foundation or charitable trust controlled by one or more Companies. ECF No. 88-1, at 2, ¶ 8. The definition Plaintiff proffered more accurately reflects the definition in the insurance policy than that proffered by ACE Insurance Company. However, Plaintiff's definition still does not fully capture the scope of the definition in the policy, so the court has relied on the language in the policy for purposes of this motion.

On January 22, 2007, MBTI of Puerto Rico, Inc. informed the Secretary of State that it had no objection to MBTI Tech, Inc. and MBI Tech College, Inc. being registered with the Department of State to conduct business in Puerto Rico. ECF No. 88-1, at 2, ¶ 11.[5] On January 24, 2007, MBTI Tech College, Inc. and MBTI Tech, Inc. were incorporated by Bárbara Alonso Vilá and Paulette Alonso Vilá. ECF Nos. 87, at 3, ¶¶ 9–10; 88-1, at 2, ¶¶ 9–10. In 2011, Bárbara Alonso Vilá was the President of the Board of Directors of MBTI of Puerto Rico, Inc. (ECF No. 88-1, at 2, ¶ 1) and Paulette Alonso Vilá was the Vice-President of the Board of Directors of MBTI of Puerto Rico, Inc. (ECF No. 88-1, at 2, ¶ 2). In 2015, Bárbara Alonso Vilá was the President of MBTI of Puerto Rico, Inc. ECF No. 88-1, at 2, ¶ 3.

## III. LEGAL ANALYSIS AND DISCUSSION

ACE Insurance Company, Inc.'s sole contention in support of its motion for partial summary judgment is that MBTI Tech College, Inc. and MBTI Tech, Inc. are *not* subsidiaries of MBTI of Puerto Rico, Inc. MBTI Tech College, Inc. and MBTI Tech, Inc. were incorporated by Bárbara Alonso Vilá and Paulette Alonso Vilá. Thus, ACE Insurance Company, Inc. argues, they "are separate legal entities and neither is a subsidiary of MBTI of Puerto Rico, Inc." ECF No. 86, at 8.

This argument is unconvincing. Under the terms of the policy, subsidiary means any company in which more than 50% of the outstanding voting securities representing the present right to vote for election of directors is held by MBTI of Puerto Rico, Inc., its subsidiaries, or MBTI of Puerto Rico, Inc. together with its subsidiaries.[6] The identity of the incorporators of

---

[5] Plaintiff objected to ACE Insurance Company, Inc.'s factual paragraph 11, which states that MBTI of Puerto Rico, Inc. had to *consent* to Paulette Alonso Vilá and Bárbara Alonso Vilá registering MBTI Tech College, Inc. and MBTI Tech, Inc., rather than simply informing the Secretary of State that it had no objection to these two entities being registered with the Department of State. ECF No. 87, at 3, ¶ 11. While this fact is in dispute, it is not material for the reasons described below.
[6] Nobody has alleged that MBTI Tech College, Inc. and MBTI Tech, Inc. are foundations or trusts.

5

MBTI Tech College, Inc. and MBTI Tech, Inc. does not clarify or answer whether at the time of the events alleged in the complaint and at the present, more than 50% of the outstanding voting securities of these two entities was and/or is held by MBTI of Puerto Rico, Inc., its subsidiaries, or MBTI of Puerto Rico, Inc. together with its subsidiaries. Nonetheless, the analysis does not end here.

On summary judgment, for issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). Under Puerto Rico law, the insured bears the burden of showing that a claim falls within the policy's grant of coverage. See Gradmann & Holler GmbH v. Cont'l Lines, S.A., 504 F. Supp. 785, 795 (D.P.R. 1980) ("Plaintiffs had the burden of proving to the court, in addition to the fact that they were the real party in interest, that there existed insurance coverage which would justify a payment under the policy of insurance, taking into consideration a given risk and a given insured party."); United States Fid. & Guar. Co. v. Superior Court of P.R., 85 D.P.R. 131 (1962) ("The person claiming from an insured has the burden to establish that the action or omission which gave rise to the cause of action exercised is within the coverage of the insurance contract."). Thus, to defeat the motion for partial summary judgment, it is not enough to merely point to ACE Insurance Company, Inc.'s own lack of evidence; there must be admissible evidence showing that MBTI Tech College, Inc. and MBTI Tech, Inc. are subsidiaries of MBTI of Puerto Rico, Inc.

Under the terms of the policy, subsidiary means any company in which more than 50% of the outstanding voting securities is held by MBTI of Puerto Rico, Inc., its subsidiaries, or MBTI of Puerto Rico, Inc. together with its subsidiaries. It is undisputed that in 2011, Bárbara Alonso

6

Vilá was the President of the Board of Directors of MBTI of Puerto Rico, Inc. (ECF No. 88-1, at 2, ¶ 1) and Paulette Alonso Vilá was the Vice-President of the Board of Directors of MBTI of Puerto Rico, Inc. (ECF No. 88-1, at 2, ¶ 2). It is also undisputed that in 2015, Bárbara Alonso Vilá was the President of MBTI of Puerto Rico, Inc. ECF No. 88-1, at 2, ¶ 3. Thus, Plaintiff contends, there is some relationship between the two entities at issue and MBTI of Puerto Rico, Inc. and it is "not clear" that these entities are *not* subsidiaries of MBTI of Puerto Rico, Inc. ECF No. 88, at 2. These facts, however, are insufficient for a factfinder to conclude that more than 50% of the outstanding voting securities of MBTI Tech College, Inc. and MBTI Tech, Inc. is held by MBTI of Puerto Rico, Inc. and/or its subsidiaries. Taking into account that MBTI Tech College, Inc., MBTI Tech, Inc., and Plaintiff have failed to produce such evidence, it would be an invitation for the factfinder to speculate whether indeed said entities are subsidiaries of MBTI of Puerto Rico, Inc. under the terms of the policy.[7]

Plaintiff also requests that the court defer its ruling on ACE Insurance Company, Inc.'s motion for partial summary judgment until she can conduct discovery on these issues. The court declines to grant Plaintiff's request. On October 3, 2016, a status conference was held, in which the discovery deadline was set to December 30, 2016. ECF No. 51. On December 28, 2016, Plaintiff filed a motion requesting an extension of time to conclude discovery. ECF No. 76. On January 3, 2017, the court denied Plaintiff's motion without prejudice because Plaintiff had failed to specify the duration of the extension request. See L.Cv.R. 6 ("All motions for extension of time shall specifically set forth . . . the expiration date of the proposed extension."). However, Plaintiff never refiled the motion. Although Plaintiff claims that "discovery in this case has been halted" (ECF No. 88, at 6), this is only true with respect to those parties as to whom the case has been

---

[7] MBTI Tech College, Inc. and MBTI Tech, Inc. have been without legal representation in this case since August 25, 2017.

stayed, namely Angel Negrón, MBTI of Puerto Rico, Inc., and ACE Insurance Company, Inc. in its capacity as insurer of MBTI of Puerto Rico, Inc. ECF No. 54. With respect to MBTI Tech College, Inc. and MBTI Tech, Inc., discovery came to an end by virtue of Plaintiff's own inactivity by failing to resubmit the motion for extension of the discovery phase that was denied by the court without prejudice due to its lack of proposed deadlines. Moreover, even Plaintiff's opposition to the motion for partial summary judgment repeats the same mistake in its request for additional time to conduct discovery by failing to comply with Local Rule of Civil Procedure 6 and submit the expiration date for the proposed extension. More than three months elapsed between the date that the court denied without prejudice Plaintiff's first extension request (ECF No. 77) and her second one (ECF No. 88). Unfortunately for Plaintiff, her second request suffers from the same deficiencies as the first one. The court will not reopen the discovery phase as to MBTI Tech College, Inc. and MBTI Tech, Inc. more than a year and a half after the expiration of the discovery deadline.

Furthermore, the insurance policy states that the "Insureds agree to provide the Insurer with all information, assistance and cooperation which the Insurer reasonably requests and agree that in the event of a Claim or Loss the Insureds will do nothing that shall prejudice the Insurer's position or its potential or actual rights of recovery." ECF No. 87-1, at 7. MBTI Tech College, Inc. and MBTI Tech, Inc. have been without legal representation since August 25, 2017. Said entities cannot simply abandon a case, hold hostage the discovery process to uncover the exact nature of their corporate relationship with MBTI of Puerto Rico, Inc., and expect full insurance coverage without consequences.

IV. CONCLUSION

For the foregoing reasons, ACE Insurance Company, Inc.'s motion for partial summary

judgment (ECF No. 86) is GRANTED. The complaint is DISMISSED WITH PREJUDICE with regard to ACE Insurance Company, Inc. in its capacity as insurer of MBTI Tech College, Inc. and MBTI Tech, Inc.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 31st day of October, 2018.

s/Marcos E. López  
U.S. Magistrate Judge